IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE OF BOSCO CREDIT II TRUST SERIES 2010-1, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI DUNN, <br><br> Defendant. | § § § § § § § § § § § § § § § § |

Civil Action No. 4:22-cv-1342

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Wilmington Savings Fund Society, FSB, not in its Individual Capacity but Solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1 ("Plaintiff"), and files this *Original Complaint* against Kristi Dunn ("Defendant") and respectfully shows the Court:

### I. PARTIES

1. Plaintiff is the owner and holder of the Note made the subject of this proceeding.

2. Defendant Kristi Dunn is an obligor under the Note and may be served with process at 273 Broken Branch, Livingston, TX 77351, or at such other place as she may be found. Summons is requested.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

4. Plaintiff is the trustee for a securitized trust. When determining the citizenship of

the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington Savings Fund Society, FSB ("Wilmington") is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

5. Defendant is a citizen of Texas.

6. In this suit, Plaintiff seeks a monetary judgment in the amount of $54,447.48. Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that attorney's fees will be in excess of $25,000.00 through trial. Accordingly, the amount in controversy exceeds $75,000.00.

7. Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. *See* 28 U.S.C. §§ 124, 1391(b).

### III. FACTS

8. On or about September 14, 2006, Defendant Kristi Dunn executed that certain *Note (Second Lien)* ("Note") in the principal amount of $24,168.00 at an interest rate of 9.990% per annum in favor of EquiFirst Corporation as "Lender." The Note was related to the purchase and/or

refinance of certain real property located at 13681 Bighorn Trail, Willis, Texas 77378 (the "Property"). A true and correct copy of the Note is attached hereto as Exhibit A[1].

9. Concurrently with the Note, Defendant executed a *Second Lien Deed of Trust* ("Deed of Trust") in Montgomery County, Texas. The Deed of Trust was recorded in the Real Property Records of Montgomery County, Texas under Instrument No. 2006-110783. A true and correct copy of the Deed of Trust is attached hereto as Exhibit B.

10. Plaintiff is the current owner and "Note Holder" of the Note pursuant to a specific endorsement affixed to the Note. As the Note Holder, Plaintiff is entitled to receive payments under the Note.

11. By executing the Note, Defendant agreed to make installment payments of $211.92 starting on November 1, 2006. Defendant further agreed to pay one amount of $195.96 on October 1, 2036 ("Maturity Date").

12. The Note provides that, should default be made in the payment of any installment under the Note, at the option of the Note Holder and upon at least 30 days' notice, the unpaid principal and all interest owed shall become immediately due and payable.

13. The Note further provides for the recovery of costs and expenses, including reasonable attorneys' fees, for enforcement of the Note.

14. Defendant has failed or refused to pay the debt evidenced by the Note. Defendant has defaulted on the obligation to Plaintiff on the Note by failing to make the March 1, 2008 payment and subsequent monthly payments.

---

[1] The documents attached to this *Original Petition* are made a part of this proceeding for all purposes and are true and correct copies of the original Loan Agreement and related documents pertaining to the Property. Plaintiff asks the Court to take judicial notice of all documents that are public record for the purposes of this proceeding.

15. On October 2, 2020, Plaintiff, through its counsel, sent Defendant a *Notice of Default and Intent to Accelerate* ("Notice of Default") via certified mail to Defendant's last known address. A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit C.</u>

16. The default was not cured.

17. On November 6, 2020, Plaintiff filed its Plaintiff's Original Petition in the 457th Judicial District Court of Montgomery County, Texas under Cause No. 20-11-13693 (the "Prior Action"). The Prior Action was dismissed without prejudice on December 1, 2021.

18. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce the terms of the Note.

## IV. CAUSE OF ACTION – SUIT ON PROMISSORY NOTE

19. The foregoing paragraphs are incorporated by reference for all purposes.

20. Plaintiff brings this suit to enforce Defendant's obligation to pay the Note in accordance with Texas Business and Commerce Code section 3.118(a). Plaintiff seeks a personal money judgment against Defendant.

21. The Note exists. Defendant executed the Note and thereby promised to pay monthly installments and one balloon payment to the Note Holder. Plaintiff became the Note's legal owner and Note Holder pursuant to a specific endorsement. Because Defendant has defaulted by failing to make the promised monthly installment payments, a certain amount is due and owing.

22. Under the terms of the Note, there is now due, owing, and unpaid from Defendants to Plaintiff a total of $54,447.48 plus attorney's fees and court costs.

## V. ATTORNEYS' FEES

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Because of Defendants' default, Plaintiff is entitled to recover reasonable attorneys' fees under the terms of the Note and Texas Civil Practices and Remedies Code section 38.001(8).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer and that, upon final hearing, and the Court enter judgment granting Plaintiff:

a. the amount owed on the Note,

b. attorneys' fees and costs of suit; and

c. all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com
Attorney-in-Charge

**ROBERT T. LIEBER JR.**
Tennessee Bar No. 035829
Southern District Bar No. 3173121
rlieber@mwzmlaw.com
Of Counsel

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214.635.2650

*Attorneys for Plaintiff*